■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, CHILD WELFARE ADMINISTRATION, on Behalf of FEMALE W., a Child Alleged to be Neglected, Respondent. DIANE W., Appellant.—Order of disposition, Family Court, New York County (Leah Ruth Marks, J.), dated December 20, 1990, which, inter alia, upon a finding that respondent-appellant had neglected the subject child by failing to feed her a nutritionally adequate diet, placed the child with her maternal grandmother for a period of 12 months under the supervision of petitioner agency, and directed respondent to complete a parenting skills program, unanimously affirmed, without costs. Appeal from the intermediate order of the Family Court, dated March 15, 1991, which remanded the child to the custody of the Commissioner of Social Services, is dismissed as moot, without costs.

With respect to the order of December 20, 1990, pursuant to Family Court Act § 1046 (b) (i), the determination that a child has been abused or neglected need only be based upon a "preponderance" of the competent, material and relevant evidence. That burden was met here by medical testimony that the child was anemic, alarmingly underweight under either African or white mid-western American standards, and not thriving or functioning normally for a child of her age, and that the child's functional skills and weight improved dramatically while she was in the hospital. Respondent's argument on appeal is based primarily upon the testimony of her own expert that was given in connection with her subsequent petition for return of the child. The ensuing order of June 14, 1991, however, is not on appeal, and the testimony of respondent's expert may not be considered for present purposes.

With respect to the intermediate order of March 15, 1991 remanding the child to petitioner agency, it appears that respondent has abandoned her appeal. Moreover, while such order likely was appealable as of right pursuant to Family Court Act § 1112, the subsequent dispositional order of June 14, 1991 returning the child to respondent would seem to have rendered moot the intermediate issue of whether the child should be in petitioner's custody. In any event, such issues have not been adequately presented for appellate review.

Respondent's additional claim that she was denied effective assistance of counsel is without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.